**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAJA NACIONAL DE AHORRO Y SEGUROS IN LIQUIDATION; ARGENTINE NATIONAL TREASURY; AND REINSURANCE NATIONAL INSTITUTE<br><br>     Petitioner,<br> -against-<br><br>DEUTSCHE RÜCKVERSICHERUNG AG<br><br>     Respondent. | **Case No. 06 cv 5826 (PKL)** |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PETITIONER' PETITION TO VACATE OR MODIFY ARBITRATION AWARD; OPPOSITION TO RESPONDENT'S CORSS-MOTION TO CONFIRM ARBITRATION AWARD**

Gleason & Koatz, LLP
230 Park Avenue
New York, New York 10169
(212) 986-1544

John P. Gleason, of counsel on the Brief.
*Attorneys for Petitioner*

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF FACTS ……………………………………………………. 1

ARGUMENT I

    A.    Local Rule 7.1 Does Not Require Petitioner to File a Memorandum of Law Simultaneously with a Petition …………………………………... 1

ARGUMENT II

    A.    The Petition was Properly Brought under the Federal Arbitration Act …. 2

    B.    To the extent that this Memorandum of Law serves as opposition to the Respondent's Cross-Motion to confirm the Arbitral Award, FAA defenses are available to the Petitioner …………………………………. 5

ARGUMENT III

    A.    The Arbitral Panel Exceeded Its Authority Under FAA ………………... 6

    B.    The Arbitral Panel Showed Manifest Disregard of the Law ……………. 8

CONCLUSION ……………………………………………………………... 10

**STATEMENT OF FACTS**

The relevant facts are set forth in the Petition (the "Petition") to Vacate or Modify Arbitration Award (the "Award") and in the Declaration of Adolfo Gustavo Scrinzi (the "Adolfo Declaration") submitted therewith.

To conserve time and space, the facts are not set forth again here. We respectfully request that the Court review the Petition and the Adolfo Declaration.

**ARGUMENT**

**I**

**A.    Local Rule 7.1 Does Not Require Petitioner to File a Memorandum of Law Simultaneously with a Petition**

Contrary to the allegation proffered by Deutsche Rückversicherung AG ("Deutsche Rück" or "Respondent") in its Opposition (the "Opposition") to the Petition, Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rules") does not require Petitioner -- Caja Nacional de Ahorro y Seguros (in liquidation), Argentine National Treasury, and National Reinsurance Institute (in liquidation) of the Republic of Argentina (collectively, "Petitioner") – to file a memorandum of law simultaneously with their Petition.

Rule 7.1 of the Local Rules applicable in this District states in relevant part that "[e]xcept as otherwise permitted by the court, all <u>motions</u> and all <u>oppositions thereto</u> shall be supported by a memorandum of law… Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion…" (emphasis added). By its plain terms Rule 7.1 requires that a memorandum of law accompany a party's <u>motion</u> and <u>all</u>

1

opposition to such motions. The Petition is not a motion.  Therefore, the Petition should not be dismissed merely because the it was unaccompanied by a memorandum of law simultaneously with the Petition.  The Petition is not a "motion" under Rule 7.1, and Petitioner did not willfully fail to comply with Rule 7.1.

The Petition is akin to a complaint.  Rule 3 of the Federal Rules of Civil Procedure ("FRCP") plainly requires that "A civil action [as opposed to a criminal action] is commenced by filing a complaint with the court."  Petitioner commenced an action against Respondent in this Court.   The document Petitioner filed to commence the action may have been labeled a "Petition", but it is in every sense the "complaint" envisaged by FRCP 3.  Respondent acknowledged the procedural effect of the Petition/complaint and filed an Answer on September 28, 2006 just as any defendant would do, normally, in response to a complaint.  Therefore, the absence of a memorandum of law is harmless error at worst.

In addition, the Petition functions as a memorandum of law because it is replete with citations to relevant statutes and case law.  Petitioner also submitted fifteen (15) exhibits, many of which are legal documents, that have been cited extensively by the Respondent in its Opposition.

In any event, Respondent fails to demonstrate how the temporary absence of a fuller memorandum of law caused it prejudice.

**II**

**A.**     **The Petition was Properly Brought under the Federal Arbitration Act**

Respondent admits that the United States District Court has personal and subject matter jurisdiction but believes it is by virtue of the Convention on the Recognition and

2

Enforcement of Foreign Arbitration Awards (the "Convention") as set forth in Chapter 2 of Title 9, United States Code. 9 U.S.C. § 201 et. seq.

Grounds for refusing to recognize or enforce the Award are found in Article V of the Convention, which provides in pertinent part:

> Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that:
> ….
> (d) The composition of the arbitral authority or the arbitral procedure was not in accordance with the agreement of the parties …; or
> (e) The award has not yet become binding on the parties, or has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made.

(emphasis added) Convention art. V(1).

Enforcement may also be refused if "[t]he subject matter of the difference is not capable of settlement by arbitration," or if "recognition or enforcement of the award would be contrary to the public policy" of the country in which the enforcement or recognition is sought. Id. art. V(2).

Respondent summarily dismisses applicability of the grounds under Sections 10 and 11 of the FAA insisting that the seven (7) grounds enumerated under the Convention are the "exclusive" grounds for recognition or enforcement of nondomestic arbitral awards.

The FAA was first made applicable to nondomestic arbitral awards[1] rendered in the United States in this Circuit in 1997. Yusuf Ahmed Alghanim & Sons, W.L.L., v.

---

[1] The Convention does not define what a "nondomestic" arbitral award is. However, the case law in this Circuit has construed it to denote awards "not because made abroad, but because made within the legal

3

Toys "R" Us, Inc. 126 F.3d 15 (2d Cir.1997) (a party may seek to vacate or set aside award in state in which or under law of which award is rendered by domestic law of rendering state, despite fact that award is nondomestic within meaning of Convention).

The Yusuf Court concluded that the grounds for vacatur available under Article V of the Convention and the FAA are not mutually exclusive.[2] Id., at 18 (when the Convention and the FAA afford overlapping coverage, the Convention does not foreclose a motion to vacate under the FAA). The Second Circuit noted that "the arbitral award in this case was rendered in the United States, and both confirmation and vacatur were then sought in the United States." Id. at 21. Therefore, the Court concluded that under Article V(1)(e) of the Convention, the courts of the United States are authorized to apply U.S. procedural arbitral law, i.e. FAA, to nondomestic awards rendered in the United States. Id. at 19-20.

The current case is factually similar to Yusuf; Petitioner seeks to vacate the Award, an nondomestic one rendered in the United States, and Respondent seeks to confirm the award in the United States.

The Award does not explicitly provide which "state" procedural law was used in the arbitration proceeding for the purposes of determining whether defenses under the FAA is available.

Petitioner and Respondent concede that the arbitral panel was constituted pursuant to the Arbitration Clause in the Re-insurance Agreements (the "Agreements"). In turn, the arbitral panel designated New York as the seat of the arbitration, the seat of the hearings,

---

framework of another country … or involving parties domiciled or having their principal place of business outside the enforcing jurisdiction." Bergensen v. Joseph Muller Corp., 710 F.2d 928 (2d Cir.1983).
[2] The Opposition, P. 6.

4

and the seat of the Award.[3]  The arbitral panel also decided to apply certain Rules of Arbitration of the United Nations Commission on International Trade Law ("UNCITRAL").[4]  UNCITRAL cannot be characterized as a procedural law of a "state" since it is a set of substantive trade rules (first promulgated by the United Nations General Assembly, later adopted by Congress).

In addition, the arbitral panel turned to the New York Convention[5] in order to determine whether the arbitration clause in the Agreements was valid.  Therefore, it is natural to conclude that the procedural laws of the United States were operational during the arbitration proceeding; otherwise, an arbitral proceeding utilizing UNCITRAL will effectively override the explicit holding of this Circuit in the Yusuf.  Id., at 23 ("the Convention specifically contemplates that the state in which, or under the law of which, the award is made, will be free to set aside or modify an award in accordance with its domestic arbitral law and its full panoply of express and implied grounds for relief.").

>   B.   To the extent that this Memorandum of Law serves as opposition to the Respondent's Cross-Motion to confirm the Arbitral Award, FAA defenses are available to the Petitioner

On the one hand Plaintiff may not have been able to invoke the Convention in the Petition, since the defenses established therein can only be submitted in response to a motion to confirm.  On the other hand the question of whether FAA grounds for vacatur of the Award are available.

Respondent opposed the Petition and, at the same time, cross-moved to confirm the Award pursuant to the Convention.  The plain language of Article V of the Convention suggests that a request for recognition of a nondomestic arbitral award in the United States

---

[3] Terms of Reference dated November 28, 2003 at 7, previously submitted as Exhibit E to the Petition.
[4] Id. at 9.

must pass muster under the applicable laws of the United States regarding arbitration, i.e. FAA. Petitioner therefore has standing under the Convention seek vacatur of the Award pursuant to Article V of the Convention as well as seek vacatur under the FAA. Yusuf, Supra, at 18-19; International Standard Elec. Corp. v. Bridas Sociedad Anonima Petrolera, Indus. Y Comercial, 745 F.Supp. 172 (S.D.N.Y.1990) (the state under whose procedural law the arbitration was conducted has jurisdiction under Article V(1)(e), and thus may apply defenses available in the forum state to vacate the award); Spector v. Torenberg, 852 F.Supp. 201 (S.D.N.Y.1994).

In addition, Article V(1)(d) of the Convention provides grounds to refuse recognition of an arbitration award when "[t]he composition of the arbitral authority or the arbitral procedure … was not in accordance with the law of the country where the arbitration took place." (emphasis added) Convention art. V(1)(d). The language of Article V(1)(d) plainly means that a party opposing confirmation or enforcement of an arbitral award may utilize the defenses available under the laws of the seat of the arbitration. Among the laws of the seat of arbitration here (New York) is the FAA. New York was not only the place of arbitration but the arbitration award was rendered in New York. Therefore, defenses to confirmation of an arbitral award under FAA are available to the Petitioner in its opposition to Respondent's cross-motion to confirm the award.

### III

**A.    The Arbitral Panel Exceeded Its Authority Under FAA**

9 U.S.C. § 10(a), states in pertinent part:

> **(a)**: In any of the following cases the United States court in and for the district wherein the award was made may make

---

[5] The Convention is frequently referred to as the New York Convention.

>an order vacating the award upon the application of any party to the arbitration:
>
>….
>
>(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
>
>….

9 U.S.C. § 10(a).

The powers of the arbitral panel were strictly limited by the Agreements and the UNCITRAL Rules. Article 32.3 of the UNCITRAL Rules provides, "the arbitral panel shall state the reasons upon which the award is based, unless the parties have agreed that no reasons are to be given." Convention art. 32.3.

The arbitrators in the current case exceeded their authority by failing to provide a statement of findings of fact and conclusions of law in the Award and also by a manifest disregard of applicable law. The Award failed to contain facts or a reasoned analysis of the reasons supporting the Award.

Respondent complained about the Award and requested by letter[6] pursuant to Article 36 of the UNCITRAL that the arbitral panel rectify "the [April 26] Arbitral Award by incorporating the relevant facts the Panel's decision is based upon." Respondent's requests were rejected by the arbitral panel in the Rectified Award[7] dated July 11, 2006. By letter to the arbitral panel Respondent plainly acknowledged the arbitrators had exceeded their authority under Article 32.3 by failing to state the facts and reasons upon which the award is based**.**

---

[6] Letter from Respondent to the arbitral panel dated June 2, 2006; previously submitted as Exhibit J to the Petition.
[7] Rectified Award dated July 11, 2006; previously submitted as Exhibit L to the Petition.

Respondent contradicts itself and now embraces the Award, calling it a "comprehensive fourteen page Arbitration Award" that (i) sets forth the applicable rule of law; (ii) discusses and analyzes each document and piece of evidence submitted by the parties; and (iii) provides the Panel's legal conclusions as to each document.[8]

Respondent may not disvow its earlier expression of dissatisfaction with the Award. This is especially so because a closer look at the arbitral panel's analysis reveals that the arbitral panel failed to provide sufficient facts or reasoned conclusions of law in the Award. For example, the issue of validity of a power of attorney by an alleged agent of Respondent required analysis of whether Dutch law should be applied at all under the conflict of law (*lois of police)* since a power of attorney is a completely different issue from the other legal issues raised under the Agreement. To this complex issue, discussed by Petitioner at length, the arbitral panel, in a conclusory manner, decided that since Dutch law is applicable to the statute of limitation issue, Dutch law must also be applicable to decide the question of authority to interrupt the running of the statute of limitation[9], all of which took the panel about 4 lines in the arbitral award.

By its failure to provide facts and conclusions of law to support its rulings the arbitration panel clearly failed to arbitrate the dispute according to the terms of the arbitration agreement under Article 32.3 of the UNCITRAL and, in so doing, the panel exceeded its authority under § 10(a)(4) of the FAA.

B.   **The Arbitral Panel Showed Manifest Disregard of the Law**

---

[8] The Opposition, P. 10.
[9] Final Ruling, P. 8; submitted previously as Exhibit A to the Petition.

An arbitral panel is obliged to apply the proper substantive law to the merits of the dispute. A manifest disregard for the law and facts constitutes proper grounds to vacate the award. (Wallace v. Buttar, 378 F.3d 182 [2d Cir. 2004]).

Manifest disregard of the law occurs when (1) the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether, and (2) the law ignored by the arbitrators was well defined, explicit, and clearly applicable to the case. Id.; see also, Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d 930, at 933 (an arbitral award can be vacated for manifest disregard of the law if the arbitral panel ignores law that is obvious and readily and instantly perceivable by an average person qualified to serve as an arbitrator).

After the arbitral panel ruled that Dutch law was applicable to the power of attorney of Respondent's alleged agent, the panel ignored the plain Dutch legal principle of *lex loci executionis*, which means that the validity of the power of attorney is governed by the law of the country where the power's acts are to be executed, the country being Argentina in the instant case. Argentine Law requires that there be a written, properly executed power-of-attorney in order for there to be a valid attorney in fact and to interrupt the statute of limitations.

The arbitral panel lacked legal authority to disregard Argentine law and apply only an incomplete portion of Dutch Law. In fact, the Award showed no grounds to conclude that Argentine law was inapplicable to the determination of the validity of a certain power of attorney whose application and effect take place within the territory of the Republic of Argentina.

9

By this failure to apply a clear standard of law readily perceivable by an average arbitrator, the arbitration panel manifestly disregarded the law and failed to arbitrate the dispute according to the terms of the arbitration agreement. Therefore, the panel exceeded its authority under § 10(a)(4) of the FAA.

## CONCLUSION

For the reasons set forth above, this Court should vacate the Arbitration Award and deny Respondent's cross motion to confirm the Arbitration Award.

Dated: October 27, 2006
      New York, New York

Gleason & Koatz, LLP
By: _____
     John P. Gleason

230 Park Avenue
New York, New York 10169
(212) 986-1544
*Attorneys for Petitioner*