UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAJA NACIONAL DE AHORRO Y
SEGUROS IN LIQUIDATION;
ARGENTINE NATIONAL TREASURY;
and REINSURANCE NATIONAL
INSTITUTE,

          Petitioners,

- against -

DEUTSCHE RÜCKVERSICHERUNG AG,

          Respondent.



**OPINION AND ORDER**

06 Civ. 5826 (PKL)

**APPEARANCES**

GLEASON & KOATZ LLP
230 Park Avenue
New York, New York 10169
John P. Gleason, Esq.

Attorneys for Petitioners

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York 10016
Elliott M. Kroll, Esq.

Attorneys for Respondent Deutsche Rückversicherung AG



**LEISURE, District Judge:**

Petitioners are three Argentine Federal Entities: Caja Nacional de Ahorro y Seguros (in liquidation); Argentine National Treasury; and Reinsurance National Institute of the Republic of Argentina (collectively, "Caja"). Petitioners apply to this Court, pursuant to the Federal Arbitration Act ("FAA") 9 U.S.C. §§ 1-14, to vacate or modify the Arbitration Award ("Award") rendered in favor of Deutsche Rückversicherung A.G. ("Deutsche Rück") and against Petitioners by a three-member arbitration panel ("Panel"). Respondent Deutsche Rück opposes the Petition to Vacate or Modify Arbitration Award ("Petition") and cross-petitions pursuant to 9 U.S.C. § 207 to confirm the Award. For the following reasons, the Court denies the Petition and grants Deutsche Rück's cross-petition to confirm the Award in its entirety.

## BACKGROUND

The following undisputed facts are taken from the parties' submissions and do not constitute findings of fact by the Court. Respondent Deutsche Rück is a German insurance company. In March 1975, Deutsche Rück entered into a written agreement with Inter Community Reinsurance Agency BV Pool ("ICRA") to participate in a re-insurance pool administered by ICRA. For the underwriting year 1977 Caja and Deutsche Rück signed a

1

Retrocession Agreement through which Caja participated as re-insurers in the insurance pool between Deutsche Rück and ICRA and agreed to indemnify Deutsche Rück to 7.5% of any losses that Deutsche Rück was obliged to pay on claims made by insureds. Deutsche Rück paid these claims for the underwriting year 1977 and demanded that Caja pay their 7.5% proportionate share of the loss paid out.

On December 6, 2001, Deutsche Rück served a Request for Arbitration and a Statement of Claims against Caja pursuant to the 1977 Retrocession Agreement.  Deutsche Rück sought to recover over $7 million from Caja for the 7.5% of the losses under the 1977 Retrocession Agreement.  The seat of arbitration and the seat of the final award were in New York City.  The first hearing was held in Paris, France on November 28, 2003. The Panel, with the consent of the parties, decided to apply the United Nations Commission on International Trade Law Arbitration Rules ("UNCITRAL").  On May 5, 2004, the Panel issued a Preliminary Ruling on Jurisdiction.  On November 24, 2004, the Panel issued a Second Preliminary Ruling on Applicable Law, ruling that Dutch law was applicable to the re-insurance agreements and to the applicable statute of limitations. Subsequently, two hearings on the merits were held.  The first took place in New York City (April 25-26, 2005) and the second in Buenos Aires, Argentina (July 25-26, 2005).  The Award was

signed in New York City on April 26, 2006, ordering Caja to pay US $ 7,390,044 plus 6% interest.  On April 28, 2006, Dr. Marzorati, the arbitrator appointed by Caja, filed a Dissenting Opinion.  On June 2, 2006, Deutsche Rück submitted a request to amend the Award pursuant to Article 36 of UNCITRAL.  On July 11, 2006, the Panel issued a Rectified Award, specifying the names and addresses of the parties and their representatives and rejecting Deutsche Rück's other demands on the ground that they were not material errors.

## DISCUSSION

I. <u>Petition to Vacate or Modify the Arbitration Award</u>

   A) <u>Standard of Review</u>

   This Court reviews the motion to vacate with great deference to the Panel's decision.  Petitioners who move "to vacate an arbitration award ha[ve] the burden of proof." <u>Spector v. Torenberg</u>, 852 F. Supp. 201, 206 (S.D.N.Y. 1994) (Leisure, J.).  Caja "'bear[] the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law.'" <u>Wallace v. Buttar</u>, 378 F.3d 182, 189 (2d Cir. 2004) (quoting <u>Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S</u>, 333 F.3d 383, 388 (2d Cir. 2003)).  The high burden of proof on petitioners moving to vacate the award, and the high showing that petitioners must make to avoid confirmation of the award reflect the goal of upholding the twin

3

aims of arbitration: "settling disputes efficiently and avoiding long and expensive litigation." Folkways Music Publishers, Inc., v. Weiss, 989 F.2d 108, 111 (2d Cir. 1993); see DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818, 821 (2d Cir. 1997); Spector, 852 F. Supp. at 206.

    B) Applicable Law

    There are two standards available to determine whether to grant Caja's petition to vacate or modify the Award.  While Caja rely on the FAA standards to argue that the Award should be vacated or modified, Deutsche Rück contends that Caja cannot rely on the FAA and must instead rely only on those grounds found in the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 21 U.S.T. 2517, 330 U.N.T.S. 38 ("Convention").  In fact, both the Convention and the FAA apply.

    An arbitral award may be vacated or modified under the Convention if it is "made within the legal framework of another country . . . pronounced in accordance with foreign law or involving parties domiciled or having their principal place of business outside the enforcing jurisdiction." Bergesen v. Joseph Muller Corp., 710 F.2d 928, 932 (2d Cir. 1983).  Owing to the fact that the parties in this case are Argentine entities and a German company, that the Panel applied Dutch substantive law, and that the United States is the enforcing jurisdiction, the Award involved "parties domiciled or having their principal

place of business outside the enforcing jurisdiction." Id.; see Spector, 852 F. Supp. at 205. As a result, the Award can be vacated or modified under the Convention.

Article V of the Convention sets out seven grounds for vacating an arbitral award. Convention, supra, art. V, 21 U.S.T. at 2517, 330 U.N.T.S. at 38. One of the grounds for vacating or modifying an arbitral award is when that award "has been set aside or suspended by a competent authority of the country in which, or under the law of which, that award was made." Id. The Court of Appeals for the Second Circuit has previously held that, under this provision of the Convention, "a party may seek to vacate or set aside an award in the state of which, or under the law of which the award is rendered," and that "such a motion is to be governed by domestic law of the rendering state, despite the fact that the award is nondomestic within the meaning of the Convention." Yusuf Ahmed Alghanim & Sons, W.L.L., v. Toys "R" Us, Inc., 126 F.3d 23 (2d Cir. 1997). Consequently, the Convention specifically integrates into "its full panoply of express and implied grounds for relief," the domestic arbitral law of the country in which the arbitral award was rendered as well as the domestic arbitral law of the country under the law of which the arbitral award was made Id.

It is undisputed that the seat of arbitration and the seat of the final award were in New York and that the United States

is the rendering state. Thus, pursuant to Article V of the Convention, this Court has the authority to vacate or modify the Award using the standards specified within the FAA, the arbitral law of the United States. 9 U.S.C. §§ 1-14; see Spector, 852 F. Supp. at 204.

The FAA adds additional grounds for vacating or modifying an award to those specified under the Convention. Compare 9 U.S.C. §§ 10(a), 11 with Convention, supra, art. V, 21 U.S.T. at 2517, 330 U.N.T.S. at 38. Since the Convention incorporates the FAA, both the Convention and the FAA are available to the parties.

C) Grounds to Modify or Vacate Under the FAA

Caja do not meet the high burden of proof required to vacate or modify an arbitration award under the FAA.[1] Caja argue

---

[1] Deutsche Rück argues that Caja's Petition should be denied on procedural grounds alone because Caja have failed to support their Petition with a memorandum of law. Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York provides that:

> Except as otherwise permitted by the court, all motions and all oppositions thereto shall be supported by a memorandum of law, setting forth the points and authorities relied upon in support of or in opposition to the motion, and divided, under appropriate headings, into as many parts as there are points to be determined. <u>Willful failure to comply with this rule may be deemed sufficient cause for the denial of a motion or for the granting of a motion by default.</u>

Loc. R. 7.1 (emphasis added). Caja reply that the Petition was not a "motion" under Rule 7.1, and that they did not willfully fail to comply with Rule 7.1 by failing to submit a memorandum of law with the Petition. Caja ask the Court to construe the Petition as a complaint under Rule 3 of the Federal Rules of Civil Procedure. Caja argue that the Petition commences an action in this Court and that Deutshe Rück's opposition and cross-petition should be viewed as an answer to Caja's complaint. Accordingly, Caja argue

that the award should be vacated or modified on three grounds. Caja allege that the Award should be set-aside on FAA grounds because the Panel acted in manifest disregard of the law, because the arbitrators exceeded their authority, and because the arbitrators violated the arbitral procedure. Caja do not satisfy the burden of proof to vacate or modify an arbitral award on the ground of manifest disregard of the law. Caja also fail to adequately support their claims that the arbitrators exceeded their authority and that the arbitrators violated arbitral procedure. Accordingly all of Caja's claims to vacate or modify the Award under the FAA are denied.

### 1) Manifest Disregard of the Law

Caja allege that the Panel acted in manifest disregard of the law by applying the wrong substantive law to the merits of the dispute. According to Caja's Petition, Argentine law should have applied with respect to a power-of-attorney issue. As a result, Caja claim that a July 29, 1992 letter sent by Mr. Raúl Lazzati, Deutsche Rück's agent, to Caja should not have been admitted as evidence to the arbitration proceedings because Mr. Lazzati did not have the legal authority to participate in the arbitration proceeding and to act on behalf of Deutsche Rück.

---

that Local Rule 7.1 does not apply to the Petition and that the Petition should not be dismissed on Local Rule 7.1 grounds.
  Since the Petition does not survive on its merits, the Court need not address this procedural issue.

According to Caja's Petition, Argentine law on power-of-attorney issues requires a written, properly executed power-of-attorney in order to establish a valid attorney and to interrupt the running of the statute of limitations. On the other hand, Caja state, Dutch law does not have the same stringent requirements. Caja argue that the Panel erred in interpreting the Dutch rules on conflict of laws and should have used Argentine law, not Dutch law in deciding whether power-of-attorney was valid with respect to Mr. Lazzati's actions on behalf of Deutsche Rück in the arbitration proceedings. Caja claim that this error was a manifest disregard of the law by the arbitrators and that the Award should be vacated or modified on this ground.

The Supreme Court of the United States introduced the judicially created ground for vacating an arbitration award for manifest disregard of the law by arbitrators in Wilko v. Swan. 346 U.S. 427, 436-37 (1953); see Merrill Lynch v. Bobker, 808 F.2d 930, 932 (2d Cir. 1986). However, in order to demonstrate that the arbitrators showed a manifest disregard of the law, the petitioners must show more than error or misunderstanding of the law on the part of the arbitrators. See Wallace v. Buttar, 378 F.3d 182, 189-90 (2d Cir. 2004)("A federal court cannot vacate an arbitral award merely because it is convinced that the arbitration panel made the wrong call on the law."); DiRussa v. Dean Witter Reynolds, 121 F.3d 818, 821 (2d Cir. 1997);

Fahnestock & Co., v. Waltman, 935 F.2d 512, 516 (2d Cir. 1991); Merrill Lynch, 808 F.2d at 933 (manifest disregard of the law "clearly means more than error or misunderstanding with respect to the law."); Yusuf Ahmed Alghanim & Sons, W.L.L., v. Toys "R" Us, Inc., 126 F.3d 15, 25 (2d Cir. 1997) ("We will not overturn the arbitrator's award merely because we do not concur with the arbitrator's reading of the agreement.") To prove manifest disregard of the law the petitioners must meet a two-prong test by showing: "'(1) that the arbitrators knew of a governing legal principle yet refused to apply it or ignored it altogether and (2) that the law ignored by the arbitrators was well-defined, explicit, and clearly applicable to the case.'" Hoeft v. MVL Group Inc., 343 F.3d 57, 69 (2d Cir. 2003) (quoting Halligan v. Piper Jaffray, Inc., 148 F.3d 197, 202 (2d Cir. 1998); see Toys "R" Us, Inc., 126 F.3d at 23-24.

In the instant case, Caja do not specify any reason to apply Argentine law in favor of Dutch law and do not show that the arbitrators knew but chose to ignore the governing legal principle on the question of power-of-attorney. Caja merely allege that the Panel was mistaken in interpreting the Dutch rules on conflict of laws with respect to power-of-attorney but do not prove that the arbitrators knew but disregarded the correct laws to use in addressing this matter. It is not the Court's place to overrule an arbitration award simply because

9

the Court may disagree with the final decision. See Toys "R" Us, Inc., 126 F.3d at 25. Caja's claim that the award should be modified or vacated on the ground that the arbitrators showed a manifest disregard of the law fails.

2) Whether Arbitrators Exceeded Their Authority

Caja argue that the arbitrators exceeded their authority by failing to provide findings of fact and conclusions of law in the Award, and that consequently the arbitrators violated FAA § 10(a)(4) and UNCITRAL Article 32.3.

UNCITRAL Article 32.3 states, "[t]he arbitral tribunal shall state the reasons upon which the award is based, unless the parties have agreed that no reasons are to be given." Caja and Deutsche Rück did not agree that no reasons for the Award were to be given. However, contrary to Caja's claims, a thorough reading of the Award reveals that each conclusion made by the Panel was carefully reasoned and supported by both findings of fact and conclusions of law.[2]

---

[2] The following decisions are examples of the Panel's findings of fact and conclusions of law:

> This letter[] refers to a breakdown of the balance claimed as of March 92 from a cut off proposal prepared by the retrocessionnaire[,] indicates clearly the amounts claimed from CAJA[,] proposes a cut-off offer. The tribunal holds that this letter not only proposes a cut-off offer but also claims certain sums from CAJA and that this letter was a sufficient warning to the debtor in the sense of Article 3-317-1 of the new Dutch Civil Code.

(Caja's Petition, Exhibit A, at 6.)

10

Caja are also mistaken as to what needs to be shown to vacate or modify an arbitral award on the ground that the arbitrators exceeded their authority under the FAA. To prove that arbitrators exceeded their authority under the FAA, petitioners must show that the arbitrators disregarded the provisions of the arbitration agreement and did not have the power, "based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrators correctly decided that issue." DiRussa, 121 F.3d at 824; see also Fahnestock, 935 F.2d at 515; Hoeft, 343 F.3d at 71. Caja do not demonstrate that the issues addressed by the arbitral decision fall outside the bounds of the arbitration agreement, the FAA, or UNCITRAL. Rather, Caja merely produce conclusory claims that the arbitrators did not make findings of fact and conclusions of law. Therefore, Caja's argument that the arbitrators exceeded their authority is without merit.

Caja seek to bolster their argument with Deutsche Rück's letter, dated June 2, 2006, requesting amendments to the Award

---

> [U]nder the old Dutch civil law, in force when the sub-retrocession to Optimum was concluded, the partial transfer of the contract was not possible. A new contract was necessary with the third party and the consent of all three parties . . . DR is not bound by the sub-retrocession to Optimum. According to the retrocession agreement between DR and CAJA, the tribunal rules that CAJA is obligated to pay 7,5% of DR's losses.

(Caja's Petition, Exhibit A, at 13.)



11



pursuant to Article 36 of UNCITRAL.[3] Caja argue that this letter demonstrates that Deutsche Rück agreed with Caja that the Panel failed to provide statements of findings of fact and conclusions of law in the Award. This Court disagrees with Caja's interpretation of the letter. The letter follows a UNCITRAL provision and merely asks for clarification of two parts of the Award: the particulars of the parties and a statement of the facts of the case. The Panel evaluated Deutsche Rück's UNCITRAL Article 36 request, made the requested changes as to the particulars of the parties, and ruled that the other demands were not errors material to the Award. Deutsche Rück's letter does not indicate that the arbitrators exceeded their authority by reaching issues outside of the bounds of the arbitration agreement. Consequently, Caja's claim to vacate or modify the award on these grounds must be denied.

3) <u>Whether Arbitrators Violated Arbitral Procedure</u>

Lastly, Caja allege that the Award should be vacated or modified on the ground that the Panel acted in violation of arbitral procedure by allowing Deutsche Rück to introduce

---

[3] Article 36 of UNCITRAL states, in pertinent part:

> Within thirty days after the receipt of the award, either party, with notice to the other party, may request the arbitral tribunal to correct in the award any errors in computation, any clerical or typographical errors, or any errors of similar nature. The arbitral tribunal may within thirty days after the communication of the award make such corrections on its own initiative.

12

certain evidence, by failing to sustain Caja's objections to that evidence, and by allowing Mr. Lazzati to participate in the arbitral process.[4] Caja contend that this was a violation of Article 25.6 of UNCITRAL. The procedural violations that Caja allege do not provide the basis necessary to modify or vacate an arbitration award.

UNCITRAL Article 25.6 states, in very general terms, that "[t]he arbitral tribunal shall determine the admissibility, relevance, materiality and weight of the evidence offered." The cited provision does not address the claim made by Caja that the contested admission of evidence establishes a ground to vacate or modify an arbitral award. Moreover, the Award explains the Panel's reasoning for re-opening the hearing and allowing Deutsche Rück to introduce the contested evidence.[5] Thus, Caja's argument fails on this basis.

---

[4] The Panel's determination that Mr. Lazzati had power-of-attorney has already been addressed and does not constitute a ground to vacate or modify the Award.

[5] The Award states:

> This letter was submitted by the claimant on 19/12/05, after a procedural order dated 9/11/05 in which the parties were 'advised that all the matter of evidence and of submitting documents or producing any report is deemed closed.' The respondent request the tribunal to reject this letter on the basis of the applicable UNCITRAL rules. The tribunal holds that according to the UNCITRAL Rules, the tribunal may re-open the proceedings if new evidence is submitted by a party which may have an impact on the issues of the case. Pursuant to Article 15-1 of the UNICTRAL Rules, the tribunal may conduct the arbitration in such manner as it considers appropriate. According to section 22 of the UNCITRAL

13

Additionally, the admission of evidence does not form a ground upon which to vacate or modify an arbitral award under FAA standards. 9 U.S.C. § 10(a)(3) states that an award may be vacated "[w]here the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or <u>in refusing to hear evidence pertinent and material to the controversy</u>; or of any other misbehavior by which the rights of any party have been prejudiced." (emphasis added). Caja allege that the evidence was introduced after the closing of the hearing and that the Panel did not sustain Caja's objections to the evidence, not that the arbitrators <u>refused</u> to include relevant evidence. The allegation that the Panel heard evidence to which Caja objected does not create a basis upon which the Court can vacate or modify this Award.

In arbitration, parties are entitled to a fundamentally fair hearing; however, arbitration by its nature does not have all of the procedural niceties of litigation. It is the

> <u>Rules, the tribunal may decide which further written statement in addition to the statements of claim and defense may be presented by the parties and shall fix the period of time for communicating such statement.</u> It was not possible for the tribunal to request the 29/07/92 letter before it was advised by the claimant of its existence. The tribunal rules that this letter is admissible.
>
> The date of this letter is disputed. The respondent argues that the date beside the signature (92) was corrected and that the true date was 82. Even if this date was rectified, the date of 92 is printed on the head of the letter.
>
> (Caja's Petition, Exhibit A, at 6-7)(emphasis added).

14

parties' choice to arbitrate their disputes and once they have made that choice "they must be content with its informalities; they may not hedge it about with those procedural limitations which it is precisely its purpose to avoid." <u>American Almond Prods. Co. v. Consolidated Pecan Sales</u>, 144 F.2d 448, 451 (2d Cir. 1944) (Hand, J.).

II. <u>Respondent's Cross-Petition to Confirm Award</u>

Deutsche Rück seeks confirmation of the Award under 9 U.S.C. § 207. The Court hereby grants Deutsche Rück's cross-petition, having found no basis for refusing confirmation.

The Convention gives jurisdiction to the courts of the United States to confirm an arbitration award. Under the Convention, a court "shall confirm the award unless it finds one of the grounds for refusal or deferral . . . specified in the Convention." 9 U.S.C. § 207. No such grounds have been brought to the Court's attention. Furthermore, the grounds brought forward by Caja's Petition do not meet the high burden that Caja must bear in order for the Award to be vacated or modified.

15



## CONCLUSION

For the reasons stated above, the Court hereby denies the petition to vacate or modify the arbitration award and grants the petition to confirm the award.

**SO ORDERED.**
**New York, New York**

August __1__, 2007

_____
U.S.D.J

16